**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| THOMAS CARL WOODS, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| FRDC SERGEANT UNKNOWN SMITH | )    No. 4:26-cv-00454-JMD |
| et al., | ) |
| | ) |
| *Defendants.* | ) |
| | ) |
| | ) |

**<u>MEMORANDUM AND ORDER</u>**

*Pro se* prisoner Thomas Carl Woods filed a complaint on March 27, 2026, about his conditions of confinement. But his claims are identical to ones this Court has already dismissed with prejudice in a previous case. *Woods v. Fulton Reception Diagnostic Cent.*, No. 4:25-cv-01275-JMD, 2026 WL 540452 (E.D. Mo. Feb. 26, 2026). For example, Woods alleges in his current complaint that prison officials "kept [him] in a cell with handcuffs, shackles, [and a] belly chain for 7 days straight." ECF 1 at 4 (cleaned up). In his since-dismissed complaint from the previous case, Woods alleged that prison officials "left [him] belly chained and handcuffed and shackled . . . for 7 days straight . . . in a cell." Complaint from *Woods*, No. 4:25-cv-01275-JMD at 3 (cleaned up). He requests identical relief of $5.5 million and alleges nearly identical injuries. *Compare* ECF 1 at 4–5, *with* Complaint from *Woods*, No. 4:25-cv-01275-JMD at 4–5. And he acknowledges in the instant complaint that he has filed another lawsuit "dealing with the same facts." ECF 1 at 8 (citing the 2025 action). Woods has moved to proceed *in forma pauperis*, so the Court dismisses his action under 28 U.S.C. § 1915(e)(2).

Woods cannot file a duplicative lawsuit while his appeal of the Court's previous order of dismissal remains pending. "It [is] not appropriate for [Woods] to file the instant action

1

while the dismissal of the same claim—against the same defendants and involving the very same underlying conduct—remains on appeal." *Troupe v. Morgan*, No. 4:24-cv-00310-MTS, 2024 WL 4252816, at \*1 (E.D. Mo. Sept. 20, 2024).  "Filing a new lawsuit realleging the same claims that have previously been raised and dismissed . . . is not an appropriate mechanism to challenge the previous dismissal[]."  *Stenseth v. Althoff*, No. 4:24-cv-04197-CCT, 2025 WL 2613571, at \*6 (D. S.D. Sept. 10, 2025).  Woods must let the standard appeals process run its course.

What's more, the twin doctrines of *res judicata* and the rule against duplicative litigation (or claim splitting) bar this action.  These corollary rules "seek[] to promote judicial economy and to protect parties from vexatious and duplicative litigation over the same subject matter."  *Kezhaya v. City of Belle Plaine, Minn.*, 78 F.4th 1045, 1050 (8th Cir. 2023).  "Under the doctrine of *res judicata*, a final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action."  *Elbert v. Carter*, 903 F.3d 779, 782 (8th Cir. 2018) (citation omitted).  In the alternative, the doctrine against claim splitting "permits the dismissal of a duplicative action while the first action remains pending."  *Kezhaya*, 78 F.4th at 1050.  Woods's previous action remains pending on appeal, and there is also a final judgment in that previous action.  Either or both of these twin doctrines apply here.  Woods "does not get endless bites at the same apple; he cannot allege the same claims in this action that the court dismissed in prior actions," especially while his original case remains pending on appeal.  *Rindahl v. Daugaard*, No. Civ. 11-4082, 2011 WL 4549151, at \*3 (D.S.D. Sept. 29, 2011).

The Court **DISMISSES** this action.  The Court also **DENIES** as moot (1) Woods's motion for leave to proceed *in forma pauperis*, ECF 2 and (2) his five motions to appoint counsel, ECF 4, ECF 6, ECF 9, ECF 10, and ECF 11.

Dated this 23rd day of June, 2026

‎_____

JOSHUA M. DIVINE
UNITED STATES DISTRICT JUDGE
FOR THE EASTERN AND WESTERN
DISTRICTS OF MISSOURI

3